UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
KILEY R. BATCHELOR,

                              Plaintiff,                Civil Case No.: **5:17-CV-691[BKS/ATB]**

        vs.                                          **COMPLAINT**

THE STATE OF NEW YORK,

                              Defendant.
-----------------------------------------------------------------

## PRELIMINARY STATEMENT

1.      Plaintiff Kiley Batchelor (hereinafter "Ms. Batchelor") is a woman with severe scoliosis that inhibits her ability to breathe into an Ignition Interlock Device (hereinafter "IID") required of all drivers convicted of driving under the influence of alcohol in New York.

2.      Ms. Batchelor was convicted of violating New York Vehicle and Traffic Law (hereinafter "VTL") §1192 (operating a motor vehicle under the influence of alcohol) and, as a consequence of her conviction, VTL §§ 1193 (sanctions) and 1198 (installation and operation of ignition interlock devices) require Ms. Batchelor to install and maintain an IID in her car.

3.      Due to her scoliosis, Ms. Batchelor has limited lung capacity, which prevents her in her sobriety from breathing into the IID with sufficient force to start her car.

4.      Neither VTL §1193 nor VTL §1198 contains a health exemption to the IID based on a person's disability.

5.      The criminal court judge who sentenced Ms., Batchelor refused to provide her with a reasonable modification reflecting her disability.

6.      The criminal sentence commenced on November 15, 2016, and is scheduled to expire November 15, 2017.

7.    Ms. Batchelor brings this action against the State of New York (hereinafter "defendant") to remedy discrimination on the basis of disability pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §791 et seq.; Sections 1981(a) and 1983 of the Civil Rights Act, 42 U.S.C. §§1981(a) and 1983; the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV; and, Article I, Section 11 of the New York State Constitution.

8.    Ms. Batchelor seeks declaratory and injunctive relief, compensatory and punitive damages, attorneys' fees and costs, and other appropriate equitable and legal relief.

## JURISDICTION AND VENUE

9.    The Court has subject matter jurisdiction over Ms. Batchelor's ADA, Section 504 and Sections 1981(a) and 1983 claims under 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4).

10.    Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction to adjudicate Ms. Batchelor's claim under the Fourteenth Amendment of the U.S. Constitution and Article I, Section 11 of the New York State Constitution.

11.    Pursuant to 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, the Court may issue a declaratory judgment that defendant discriminated against Ms. Batchelor on the basis of her disability by failing to provide her with either a health exemption or a reasonable modification for her disability.

12.    Venue is proper in the Northern District of New York pursuant to 28 U.S.C. §1391 because the unlawful practices complained of herein occurred, and continue to occur, within the district.

PARTIES

13.     Ms. Batchelor, an American-born resident of Syracuse, New York, who has severe scoliosis, is a qualified individual with a disability within the meaning of Title II of the ADA, 42 U.S.C. §12131(2) and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §705(20). As a citizen of the United States, Ms. Batchelor enjoys the rights, privileges and immunities secured by Sections 1981(a) and 1983 of the Civil Rights Act, the Equal Protection Clause of the 14th Amendment to the U.S. Constitution and Article I, Section 11 of the New York State Constitution. As an American citizen, she is also entitled to the equal protection of the laws pursuant to the 14th Amendment of the U.S. Constitution and the New York State Constitution.

14.     Defendant State of New York is a state entity covered by Title II of the Americans with Disabilities Act, 42 U.S.C. §12131(1)(A), Section 504 of the Rehabilitation Act, 29 U.S.C. §794(b)(1)(A), Sections 1981(a) and 1983 of the Civil Rights Act, the Fourteenth Amendment of the United States Constitution, and Article I, Section 11 of the New York State Constitution.

**FACTUAL CLAIMS**

15.     On February 22, 2016, Ms. Batchelor was in a one-car accident in the City of Syracuse, County of Onondaga, State of New York.

  a.  Officers of the Syracuse Police Department arrived on the scene and arrested Ms. Batchelor, charging her with one (1) count of VTL §1192 (operating a motor vehicle while under the influence of alcohol) and one (1) count of VTL §1127(a) (driving the wrong way on a one-way street).

  b.  At the Public Safety Building in downtown Syracuse, officers attempted to administer a chemical breath test to determine Ms. Batchelor's blood alcohol content.

  c.  However, as Officer Thomas Lund noted in his supplemental report, Ms. Batchelor was "unable to complete the chemical test due to issues she

had with her lungs and was not able to blow enough air into the instrument for a reading." (Exhibit "A", attached hereto and made a part hereof)

    d.    The chemical breath test printouts record that Ms. Batchelor blew twice into the machine with an incomplete reading both times.

    e.    Ms. Batchelor was then transported to Upstate University Hospital where she consented to a blood draw, which ultimately disclosed she had a blood alcohol content of .22 of 1%.  (Exhibit "B", attached hereto and made a part hereof)

16.    On April 14, 2016, the District Attorney's Office offered Ms. Batchelor a plea of guilty to VTL §1192 and indicated the People would require, pursuant to VTL §1198, the installation of an ignition interlock device in Ms. Batchelor's car.

17.    On May 17, 2016, Ms. Batchelor presented to the Court and the District Attorney's Office a letter from the local IID installer stating that Ms. Batchelor was physically unable to operate the IID.  (Exhibit "C", attached hereto and made a part hereof).

    a.    Defense counsel also produced a letter from Ms. Batchelor's doctor describing her medical condition.  (Exhibit "D", attached hereto and made a part hereof).

    b.    Defense counsel asked the Court not to impose the IID because Ms. Batchelor would be physically unable to blow into the device and unable to start her car.

18.    On June 21, 2016, Ms. Batchelor and her attorney appeared before Judge Vanessa Bogan, who informed them that Ms. Batchelor's guilty plea to a DWI would require the judge, under New York law, to impose the IID restriction.

    a.    The judge stated that New York state law offered her no alternative.

19.    On October 10, 2016, Ms. Batchelor appeared in court with her attorney who again objected to the imposition of the IID as a violation of federal statutory and constitutional law.

    a.    Ms. Batchelor pled guilty to all the charges and did not waive her right to an appeal.

      b.     Judge Bogan adjourned sentencing until November 1, 2016.

20.     On November 15, 2016, after hearing Ms. Batchelor object to imposition of an IID, Judge Bogan imposed the IID as part of Ms. Batchelor's sentence.

21.     On November 21, 2016, Ms. Batchelor appealed her conviction and sentence to the Ondondaga County Court, and November 22, 2016, Ms. Batchelor filed a motion to stay her sentence in the Syracuse County Court.

22.     On November 22, 2016, Ms. Batchelor's motion to stay the IID portion of her sentence was denied.

23.     On March 21, 2017, an appeal was filed and is now pending in Onondaga County Court with oral arguments scheduled for June 22, 2017.

## FIRST CAUSE OF ACTION:
## TITLE II OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. §12131 et seq.

24.     Plaintiff Kiley Batchelor repeats and incorporates each and every allegation contained in paragraphs 1 through 23 of the Complaint as set forth in full herein.

25.     Pursuant to Title II of the Americans with Disabilities Act, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

26.     Defendant New York State is a public entity pursuant to the provisions of Title II of the Americans with Disabilities Act, 42 U.S.C. §12131(1)(A).

27.     Ms. Batchelor is a qualified individual with a disability under Title II of the ADA insofar as she has scoliosis, which significantly limits her ability to breathe into an IID and render her car operable if she has not had any alcohol.

28.     By reason of her disability, Ms. Batchelor is excluded from participating in New York's services, programs and activities by virtue of the fact she cannot comply with the terms of the sentence vis-à-vis the IID.

29.     By reason of her disability, Ms. Batchelor is subjected to discrimination by virtue of the fact she cannot comply with the terms of the sentence vis-à-vis the IID.

30.     The lack of a health exemption in the VTL excludes Ms. Batchelor from participating in, and benefitting from, New York's services, programs and activities with respect to the operation of her motor vehicle.

31.     The failure to provide a reasonable modification to the IID requirement excludes Ms. Batchelor from participating in, and benefitting from, New York's services, programs and activities with respect to the operation of her motor vehicle.

32.     As a result of the discrimination alleged in this paragraph, Ms. Batchelor's inability to drive her car has significantly affected her ability to work, shop and care for herself.

33.     As a result of the discrimination alleged in this paragraph, defendant State of New York has violated Title II of the Americans with Disabilities Act.

## SECOND CAUSE OF ACTION:
## SECTION 504 OF THE REHABILITATION ACT
### 29 U.S.C. §791 et seq.

34.     Plaintiff Kiley Batchelor repeats and incorporates each and every allegation contained in Paragraphs 1 through 33 of the Complaint as set forth in full herein.

35.     Pursuant to Section 504 of the Rehabilitation Act of 1973, "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving

Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. §794.

36.     Upon information and belief, New York State receives federal financial assistance in support of its enforcement of the state's Vehicle and Traffic Laws.

37.     Ms. Batchelor is a qualified individual with a disability under Section 504 insofar as she has scoliosis, which limits her ability to breathe into an IID and render her car operable, if she has not had any alcohol. 29 U.S.C. §705(20).

38.     By reason of her disability, Ms. Batchelor is excluded from participating in New York's services, programs and activities by virtue of the fact she cannot comply with the terms of the sentence vis-à-vis the IID.

39.     By reason of her disability, Ms. Batchelor is subjected to discrimination by virtue of the fact she cannot comply with the terms of the sentence vis-à-vis the IID.

40.     Regulations implementing Section 504 also provide: "A recipient [of Federal financial assistance] may not, directly or through contractual or other arrangements, utilize criteria or other methods of administration: (i) that have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap." 28 C.F.R. § 41.51(b)(3)(i); 45 C.F.R. § 84.4(b)(4).

41.     The lack of a health exemption constitutes criteria or other methods of administration that have the effect of subjecting Ms. Batchelor to discrimination on the basis of her disability.

42.     The lack of a health exemption in the VTL excludes Ms. Batchelor from participating in, and benefitting from, New York's services, programs and activities with respect to the operation of her motor vehicle.

43.    The failure to provide a reasonable modification to the IID requirement excludes Ms. Batchelor from participating in, and benefitting from, New York's services, programs and activities with respect to the operation of her motor vehicle.

44.    As a result of the discrimination alleged in this paragraph, Ms. Batchelor's inability to drive her car has significantly affected her ability to work, shop and care for herself.

45.    As a result of the discrimination alleged in this paragraph, defendant State of New York has violated Section 504 of the Rehabilitation Act.

## THIRD CAUSE OF ACTION:
## SECTIONS 1981 and 1983 OF THE CIVIL RIGHTS ACT
## 42 U.S.C. §§1981 and 1983

46.    Plaintiff Kiley Batchelor repeats and incorporates each and every allegation contained in Paragraphs 1 through 45 of the Complaint as set forth in full herein.

47.    Ms. Batchelor is a citizen of the United States and a resident of the State of New York.

48.    Pursuant to Section 1981(a) of the Civil Rights Act, "All persons within the jurisdiction of the United States shall … be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. §1981(a).

49.    The punishment scheme of VTL §§1193 and 1198 lack a health exemption for people with disabilities like Ms. Batchelor.

50.    The lack of a health exemption in the punishment scheme of VTL §§1193 and 1198 subjects Ms. Batchelor, on the basis of her disability, to unequal punishment in violation of Section 1981(a) of the Civil Rights Act.

51. The failure to provide a reasonable modification to the IID subjects Ms. Batchelor, on the basis of her disability, to unequal punishment in violation of Section 1981(a) of the Civil Rights Act.

52. Pursuant to Section 1983 of the Civil Rights Act, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

53. By enforcing the punishment scheme of §§1193 and 1198 without a health exemption, defendant State of New York is acting under color of a statute that subjects Ms. Batchelor to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. §1983.

54. By enforcing the punishment scheme of §§1193 and 1198 without a reasonable modification to the IID, defendant State of New York is acting under color of a statute that subjects Ms. Batchelor to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. §1983.

55. As a result of the discrimination alleged in this paragraph, Ms. Batchelor's inability to drive her car has significantly affected her ability to work, shop and care for herself.

56. As a result of the discrimination alleged in this paragraph, defendant State of New York has violated Sections 1981(a) and 1983 of the Civil Rights Act.

## FOURTH CAUSE OF ACTION:
## THE EQUAL PROTECTION CLAUSE OF
## THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

57.     Plaintiff Kiley Batchelor repeats and incorporates each and every allegation contained in Paragraphs 1 through 56 of the Complaint as set forth in full herein.

58.     Pursuant to the Fourteenth Amendment of the United States Constitution, "All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." XIV amendment U.S. Constitution.

59.     Ms. Batchelor, by virtue of being born in this country, is a citizen of the United States of America within the meaning of the Fourteenth Amendment to the United States Constitution.

60.     Defendant State of New York enforced, and continues to enforce, the punishment scheme of VTL §§1193 and 1198 without a health exemption for people convicted of an alcohol-related driving offense, which abridged the privileges and immunities of Ms. Batchelor's citizenship.

61.     Enforcement of VTL §§1193 and 1198 without a health exemption or a reasonable modification to the IID deprived Ms. Batchelor of her liberty without due process by taking away her ability to drive her car legally.

62.     Enforcement of VTL §§1193 and 1198 without a health exemption or a reasonable modification to the IID also deprived Ms. Batchelor of her property without due process by immobilizing her car with an IID that she cannot operate due to her disability.

63.     Enforcement of VTL §§1193 and 1198 without a health exemption or a reasonable modification to the IID also denied Ms. Batchelor the equal protection of the law by subjecting her to a disparate impact not experienced by drivers convicted of a DWI offense who did not have a disability.

64.     As a result of the discrimination alleged in this paragraph, Ms. Batchelor's inability to drive her car has significantly affected her ability to work, shop and care for herself.

65.     As a result of the discrimination alleged in this paragraph, defendant State of New York has violated the Fourteenth Amendment to the United States Constitution.

**FIFTH CAUSE OF ACTION:**
**ARTICLE 1, SECTION 11 OF THE NEW YORK STATE CONSTITUTION**

66.     Plaintiff Kiley Batchelor repeats and incorporates each and every allegation contained in Paragraphs 1 through 65 of the Complaint as set forth in full herein.

67.     Pursuant to Article I, Section 11, of the New York State Constitution, "No person shall be denied the equal protection of the laws of this state or any subdivision thereof."

68.     Ms. Batchelor is an American-born resident of the State of New York and covered by Article I, Section 11, of the New York State Constitution.

69.     The punishment scheme of VTL §§1193 and 1198 lack a health exemption for people with disabilities like Ms. Batchelor who have been convicted of an alcohol-related driving offense.

70.     The criminal court judge in sentencing Ms. Batchelor to the IID failed to consider and provide a reasonable modification to the IID.

71.     By enforcing, and continuing to enforce, the punishment scheme of VTL §§1193 and 1198 without a health exemption or a reasonable modification to the IID, defendant State of New York has denied Ms. Batchelor the equal protection of state law by subjecting her to a disparate impact not experienced by non-disabled drivers convicted of a DWI offense.

72.     As a result of the discrimination alleged in this paragraph, Ms. Batchelor's inability to drive her car has significantly affected her ability to work, shop and care for herself.

73.     As a result of the discrimination alleged in this paragraph, defendant State of New York has violated Article I, Section 11, of the New York State Constitution.

**RELIEF REQUESTED**

As a result of the acts and conduct complained of herein, Ms. Batchelor has suffered and will continue to suffer lost opportunity, pain and suffering, inconvenience, loss of enjoyment of life, loss of liberty, discrimination, and other non-pecuniary losses.

**WHEREFORE,** Plaintiff Kiley Batchelor respectfully requests that this Court enter a judgment:

1.     Declaring that the installation of an ignition interlock device absent a reasonable modification to the IID violates Ms. Batchelor's rights under Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §791 et seq.; Sections 1981(a) and 1983 of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981(a) and 1983; the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV; and, Article I, Section 11 of the New York State Constitution;

2.     Declaring that the lack of a health exemption or a reasonable modification to the IID as applied to Ms. Batchelor, a person with a disability, violates her rights under Title II of the

Americans with Disabilities Act, 42 U.S.C. §12131 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §791 et seq.; Sections 1981(a) and 1983 of the Civil Rights Act of 1964, 42 U.S.C. §§1981(a) and 1983; the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV; and, Article I, Section 11 of the New York State Constitution;

3.     Entering an Order invalidating VTL §§1193 and 1198, as applied to Ms. Batchelor, for failure to contain a health exemption or a reasonable modification of the IID;

4.     Issuing a preliminary injunction enjoining defendant State of New York from enforcing VTL §1198's mandatory imposition of an IID against Ms. Batchelor;

5.     Awarding statutory, compensatory and punitive damages;

6.     Awarding reasonable attorneys' fees, litigation costs (including expert fees), disbursements and other expenses related to the lawsuit, pursuant to 42 U.S.C. §12205; and,

7.     Awarding such other and further relief as it deems necessary, just and proper.

## REQUEST FOR DECLARATORY JUDGMENT

Plaintiff Kiley Batchelor, by counsel, hereby requests a declaratory judgment on all causes of actions so triable.

## REQUEST FOR A JURY TRIAL

Plaintiff Kiley Batchelor, by counsel, hereby requests a jury trial on all causes of actions so triable.

Dated:      June 23, 2017
            Syracuse, New York

                                    Respectfully submitted,

                                    DENNIS J. NAVE, ESQ.
                                    Attorney for Plaintiff
                                    NDNY Bar Roll #520690
                                    Xavier + Associates
                                    269 West Jefferson Street, 2nd Floor
                                    Syracuse, NY 13202
                                    (315) 200-1429


                                    MICHAEL A. SCHWARTZ, ESQ.
                                    Attorney for Plaintiff
                                    NDNY Bar Roll #104179
                                    Director, Disability Rights Clinic
                                    Office of Clinical Legal Education
                                    Syracuse University College of Law
                                    P.O. Box 6543
                                    Syracuse, NY 13217-6543
                                    (315) 443-4582

# EXHIBIT A

**CNYLEADS Narrative Supplement I**

| AGENCY | | | | | DR# |
|---|---|---|---|---|---|
| Syracuse Police Department | | | | | 16-172172 |
| Person Type | Last Name | First | M. Initial | Suffix | Business Name |
| V1 | | | | | State Of New York |

On 22FEB16, at 2310 hours while assigned to unit 452A, I responded to Onondaga Lake Parkway regarding a motor vehicle collision complaint. Unit 442A, PO T. Holmes also responded.

Upon arrival, we met with Syracuse Fire who were located on the Onondaga Lake Parkway on ramp towards Interstate 81 South. Syracuse Fire were out with a blue, 2015 Chevrolet Stark, bearing NY registration FYF2618, which was facing the wrong way and had significant damage to the entire vehicle, including the top of the vehicle. Syracuse Fire was with the driver later identified as (AR) Kiley Batchelor. Upon walking up to Batchelor, she could not stand up straight and was swaying side to side and she would stumble multiple times as she lost her balance from attempting to stand still. I could smell a strong odor of alcohol on Batchelor's breath and her eyes were watery and her face was flushed.

I asked Batchelor what happened and she responded, "I don't know." I asked Batchelor if she was driving the above vehicle and she stated yes and that she was by herself. Batchelor then stated she was "coming from Destiny". I asked Batchelor where in Destiny she was and she stated she was at Gordon Biersch. I also asked Batchelor how many drinks she had and Batchelor stated "I only had two beers." I then asked Batchelor where she drank the beers and she stated at Gordon Biersch. I then asked Batchelor if she knew where she was located and she stated "no" and stated she was driving home to Oswego. While speaking with Batchelor she could not stand up straight and fell into me multiple times and I had to assist her to stand back up.

I then administered Field Sobriety tests, including the horizontal gaze nystagmus, walk and turn test and one leg stand. Batchelor failed all three tests which are documented under the DWI supporting deposition which is attached to this case. Batchelor then agreed to a breath screening test and upon blowing into an alco-sensor, it read positive for the presence of alcohol on Batchelor's breath. Batchelor was then handcuffed and advised she was arrested for Driving while intoxicated. Batchelor was then advised of her DWI warning and she agreed to submit to a chemical test to determine the alcohol in her blood.

At the scene, Batchelor's vehicle was resting in the middle of the single lane roadway blocking traffic. Upon further investigation of the scene, it appeared that Bachelor had driven the wrong way from Destiny Drive, and entered the I81 south off ramp/Onondaga Lake Parkway on ramp. Batchelor then continued to drive until she collided with an end of a guard rail, which her vehicle then appeared to go air born and collided with the pavement. The pavement had large scrapes on it in the middle of the road and there were scrapes against the opposite guard rail. There scrapes continued in the pavement leading to the opposite guard rail and then led up to the area where Batchelor's vehicle was currently located. Batchelor had no injuries observed or reported and she refused medical treatment from Syracuse Fire.

Batchelor was then transported to the Public Safety Building, and her vehicle was towed by John's Auto Body to their location. At the PSB, Batchelor was unable to complete the chemical test due to issues she had with her lungs and was not able to blow enough air into the instrument for a reading. Batchelor then agreed to provide a blood sample and was transported to Upstate Hospital where she signed a permission form, which is included with the case and a blood sample was taken by hospital staff. Batchelor was then transported back to the PSB and issued uniform traffic tickets for DWI and for driving the wrong way on a one way road. Batchelor was released to her mother, Kathy Batchelor.

The blood sample was secured at the forensic center for processing. For further information see additional reports under same DR#.

Unit 412C, Sgt. Raymond was notified and responded.

Case closed by arrest.

False Statements made herein are punishable as a Class A Misdemeanor pursuant to 210.45 NYSPL.AFFIRMED UNDER PENALTY OF PERJURY.

| PRINT NAME | ID# | SIGNATURE | Administrative Use Only | | | | Page 5 |
|---|---|---|---|---|---|---|---|
| Thomas Lund | 0364 | Electronically Signed | SUPERVISOR NAME (PRINT) | ID# | APPROVED DATE | APPROVED BY SIGNATURE | of 5 |
| | | | Sgt Steven Abbott | 0005 | 02/24/2016 | Approved Electronically | |

Form3 SN (Rev 2/07)

# EXHIBIT B



**DISTRICT ATTORNEY**

WILLIAM J. FITZPATRICK

County of Onondaga
Criminal Courthouse, 4th Floor
505 South State Street
Syracuse, New York 13202
315-435-2470
Fax: 315-435-3969



March 30, 2016

Judge Presiding
Syracuse City Court
505 South State Street, 2nd Floor
Syracuse, New York 13202

      RE:    People v. Kiley Batchelor
             DR #: 01/16-172172
             **B.A.C. Results**

Dear Judge(s):

    Enclosed please find a copy of the toxicology report for the above named
defendant. If you should need anything else, please contact me at 435-3916 ext. 4334.

             Very truly yours,

             Christopher J. Bednarski
             Chief Assistant District Attorney

CJB/ec
Enclosure
cc.    Dennis Nave, Esq.
        269 W. Jefferson St, 2nd Fl
        Syracuse, NY 13202



**FORENSIC TOXICOLOGY LABORATORY**
ONONDAGA COUNTY HEALTH DEPARTMENT
CENTER FOR FORENSIC SCIENCES

JOANNE M. MAHONEY
County Executive

INDU GUPTA, MD, MPH
Commissioner of Health

ROBERT STOPPACHER, MD
Chief Medical Examiner

KRISTIE BARBA, MS, D-ABFT-FT
Toxicologist

## TOXICOLOGY REPORT

**LABORATORY #:** T16-0026

**NAME:** Kiley R Batchelor

**SPECIMENS SUBMITTED:** Blood

**AGENCY CASE #:** 16-172172

**DATE RECEIVED:** February 23, 2016

**SUBMITTED BY:** Syracuse Police Department
511 South State Street
Syracuse, NY 13202

**RESULTS:**

Item# 1.1-Blood

| Qualitative Analyses | Analyte/Class | Result | Comment |
|---|---|---|---|
| Volatiles Screen by HS GC/FID | Ethyl alcohol | Positive | |
| ELISA by IA | | Negative | |
| Alkaline Drug Screen by GC/MS | | Negative | |
| Acid Neutral Drug Screen by GC/MS | | Negative | |
| Quantitative/Confirmatory Analyses | Analyte/Class | Result | Comment |
| Volatiles Confirmation by HS GC/FID | Ethyl alcohol | 0.22 g% | With an estimated uncertainty of ±3% of this value at a 99.7% confidence interval. |

This report contains the conclusions, opinions, and interpretations of the certifying examiner whose signature appears on the report. False statements made herein are punishable as a class A misdemeanor pursuant to Section 210.45 of the Penal Law of the State of New York. This report does not constitute the entire case file. For toxicology testing scope and detection limits used for this report, please see http://www.ongov.net/health/mee/forensictoxicology.html. For definitions of significant terms used in this report, please see http://www.criminaljustice.ny.gov/forensic/standardization/toxicology.html. The case file may also contain worksheets, analytical data, case notes, and other documents.

AFFIRMED UNDER PENALTY OF PERJURY

**Results Certified By:**

*Kelly Scanlon*

Kelly Scanlon
Forensic Chemist - Toxicology Section

**Date:**   03/29/2016

100 ELIZABETH BLACKWELL STREET, SYRACUSE, NEW YORK 13210
ONGOV.NET  PHONE 315.435.3800  FAX 315.435.3285

# EXHIBIT C

Interlock of Upstate NY, LLC
PO BOX 905, Brewerton, NY 13029
315-299-8099
Interlockofupstateny@gmail.com
Interlockofupstateny.com

Interlock of Upstate NY, LLC

25 APRIL 2016

Sarah,

On this date your client Kiley Batchelor came to my office at approximately 2;00 PM . At this time I tried using our Demo unit 5 times and each time she failed to give a proper breath sample. She is unable to operate my unit.

Any questions please call me.

Sincerely yours,

**Tim Emmons**

OWNER

**EXHIBIT D**

JAMES J. CAMPBELL, M.D., P.C.
63 SOUTH FIRST STREET
FULTON, NEW YORK 13069

PEDIATRIC AND
ADOLESCENT MEDICINE
YOUNG ADULT MEDICNE

SPORTS MEDICINE

SERVICES BY
APPOINTMENT
TEL. 315 598-6700

### CONFIDENTIAL MEDICAL INFORMATION

re:  Kiley R. BATCHELOR
**d.o.b.:** ████1992



DIPLOMATE,
AMERICAN BOARD
OF PEDIATRICS

FELLOW,
AMERICAN ACADEMY
OF PEDIATRICS

MEMBER,
AMERICAN COLLEGE
OF SPORTS
MEDICINE

CHIEF MEDICAL OFFICE
UNITED STATES SPORTS
ACROBATICS FEDERATION

DELEGATE,
MEDICAL ADVISORY COMMITTEE,
INTERNATIONAL FEDERATION
SPORT ACROBATIQUE

MEMBER,
UNITED STATES
OLYMPIC SPORTS
MEDICINE SOCIETY

PHYSICIAN,
THE EMPIRE
STATE GAMES

MEMBER,
LAKE PLACID
SPORTS MEDICINE
SOCIETY

MEMBER,
UNITED STATES
GYMNASTICS
FEDERATION

CONSULTANT
THE ATHLETIC
CONGRESS

MEMBER,
SPORTS MEDICINE
COMMITTEE OF
THE UNITED STATES
GYMNASTICS
FEDERATION

MEMBER,
THE AMERICAN
SOCIETY OF CLINICAL
HYPNOSIS

The above-cited patient is known to have Ocul-auriculo-vertebral spectrum disorder, also known as Goldenhar syndrome. This is a congenital syndrome with various features that, in Ms. Batchelor, include sinificant chest deformity and scoliosis (curvature of the spine), and oro-facial malformations that include cleft palate, hemi-facial micosomia (asymmetric development of the facial structure). She has had some surgeries to mitigate some of these features.

In as much as the primary malformations effect the stucture of her chest, airway, and mouth it is possible that these could affect her performance of breathyliser testing (degree could only be ascertained by specific tests coimparing patient to controls, that is not available as a routine test). Thus, such a test may not be reliable in her; one would have to resort to a blood test for accuracy.

Electronically signed by James J. Campbell, M.D. on 10/03/2016
James J. Campbell, M.D.

James J. Campbell, M.D., P.C.
63 South First Street
Fulton, NY 13069-1704
Phone: (315)-598-6700      Fax: (315)-598-6155
www.jcampbellmd.com

April 27, 2016

Ref:      Kiley R Batchelor
          235 Duer Street
          Oswego, NY 13126
          Date of Birth   : ███92
          Social Security #:

To whom it may concern:
The above cited individual has congenital anomalies/malformations that include oral, sinus and chest
deformities that limit her ability to perform breathing tests, such as breathalyzer competently and reliability.
This may lead to misleading and incorrect results.

Sincerely,

*[signature]*

Electronically signed by agent of provider: Kara K Reed on 04/27/2016
James J. Campbell, M.D.

## James J. Campbell, M.D., P.C.
63 South First Street
Fulton, NY 13069-1704
Phone:(315)-598-6700      Fax: (315)-598-6155
www.jcampbellmd.com

# Clinical Visit Summary of Today's Visit

04/27/2016  Visit with James J. Campbell, M.D.

Kiley R Batchelor
DOB: ▮▮▮▮/1992   Sex: F   Race: White
Ethnicity: Not Hispanic / Latino   Preferred Language: English

## Reason For Visit
Patient presents TO DISCUSS statement needed regarding her congenital anomalies and her inability to properly perform breathalizer. We will provide such a statement

## Vitals
**Ht cm:** 141.2 **Wt kg:** 41.80 **T:** 97.6 **BP:** 113/77 **Pulse:** 64 **BMI:** 21.0 **Ht:** 55.59" **Wt:** 92lb 2oz

## Today's Diagnosis
Thoracogenic scoliosis, thoracic region (M41.34)

## Problem List
Scoliosis of thoracic spine
Alcohol intoxication
Seborrheic dermatitis
Congenital abnormality of skull and face bones
Sensorineural hearing loss
Allergic rhinitis
Psoriasis

## Allergies
No Known Drug Allergy

## Future Appointments
04/28/17  Fri  9:00a  Loc: 1  Campbell, James J., M.D.

## Smoking Status
Smoking: Negative For Patient has never smoked.

State of New York
OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES

NOTE: This form must be "stapled" to all disclosures/releases of information concerning substance abuse patients.

## PROHIBITION ON REDISCLOSURE OF INFORMATION CONCERNING SUBSTANCE ABUSE PATIENT

(To accompany disclosure of information made with consent of substance abuse patient)

This information has been disclosed to you from records protected by Federal confidentiality rules (42 CFR part 2 and HIPAA).  The federal rules prohibit you from making further disclosure of this information unless further disclosure is expressly permitted by the written consent of the person to whom it pertains or as otherwise permitted by 42 CFR Part 2 and/or HIPAA.  A general authorization for the release of medical or other information is NOT sufficient for this purpose.   The federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug abuse patient.

TRS-1 (5/03)