**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
───────────────────────────────────────

**KILEY R. BATCHELOR,**

                              **Plaintiff,**

**v.**                                                    **5:17-CV-691 (BKS/ATB)**

**THE STATE OF NEW YORK,**

                              **Defendant.**
───────────────────────────────────────

**Appearances:**

Dennis J. Nave, Jr.
Xavier & Associates
269 West Jefferson Street, 2nd Floor
Syracuse, NY 13202
*For Plaintiff*

Michael A. Schwartz
Syracuse University Law College
P.O. Box 6543
Syracuse, NY 13217-6543
*For Plaintiff*

Aimee M. Paquette
New York State Attorney General - Syracuse Regional Office
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204-2465
*For Defendant*

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

On November 15, 2016, following Plaintiff Kiley Batchelor's guilty plea to charges of

driving while intoxicated and driving the wrong way down a one-way street, Syracuse City Court

Judge Vanessa E. Bogan imposed a sentence requiring that an ignition interlock device ("IID")

be installed on Plaintiff's vehicle, pursuant to New York Vehicle and Traffic Law

("VTL") § 1198.[1]  (Dkt. No. 1, ¶¶ 2, 20).  Plaintiff has scoliosis that limits her lung capacity,

"which prevents her in her sobriety from breathing into the IID with sufficient force" to disable

the device and start her car.  (*Id.* at ¶ 3).  On June 26, 2017, Plaintiff filed a Complaint against

the State of New York alleging discrimination on the basis of disability in violation of: (1) Title

II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*; (2) Section 504 of

the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*; (3) Sections 1981(a) and 1983 of the

Civil Rights Act, 42 U.S.C. §§ 1981(a) and 1983; (4) the Equal Protection Clause of the

Fourteenth Amendment to the United States Constitution; and (5) Article 1, Section 11 of the

New York State Constitution.  (Dkt. No. 1).

On the same day she filed the Complaint, Plaintiff filed a motion for a preliminary

injunction alleging that "the [state] trial court erred by refusing to provide [her] with a

'reasonable modification' for the IID," seeking to enjoin the IID, and requesting that the Court

"order a reasonable modification" to accommodate her disability.  (Dkt. No. 3-1, at 1).  On July

21, 2017, Defendant filed a motion to dismiss the Complaint under Federal Rule of Civil

Procedure 12(b)(6) and in opposition to Plaintiff's motion for a preliminary injunction.  (Dkt.

No. 10).  On October 20, 2017, the Court issued a text order directing both parties to file letter

briefs addressing whether this action should be dismissed in its entirety for lack of subject matter

jurisdiction under the *Rooker-Feldman* doctrine.  (Dkt. No. 16).  Plaintiff and Defendant filed

letter briefs on October 31, 2017.  (Dkt. Nos. 17, 18).  For the reasons below, the Complaint is

dismissed.

---

[1] VTL § 1198(2)(a) states: "In addition to any other penalties prescribed by law, the court shall require that any person who has been convicted of a violation of . . . section eleven hundred ninety-two of this article, to install and maintain, as a condition of probation or conditional discharge, a functioning ignition interlock device in accordance with the provisions of this section . . . ."

II.    **BACKGROUND**[2]

On February 22, 2016, Plaintiff collided with the end of a guardrail while driving her vehicle in the wrong direction up an interstate off-ramp in Syracuse, New York.  (Dkt. No. 1, at 16).  Responding officers from the Syracuse Police Department conducted field sobriety tests and an alcohol-screening breath test, all of which Plaintiff failed.  (*Id.*).  Plaintiff was then arrested for driving while intoxicated and agreed to take a chemical breath test at the Syracuse Public Safety Building to determine her blood alcohol content ("BAC").  (*Id.*).  Plaintiff, however, was "unable to complete the chemical test due to issues she had with her lungs and was not able to blow enough air into the instrument for a reading."  (*Id.*).  Plaintiff then consented to a blood test, the results of which indicated that she had a BAC of .22%.  (*Id.* at 19).

On October 10, 2016, Plaintiff pleaded guilty before Syracuse City Court Judge Vanessa Bogan to driving while intoxicated and driving the wrong way on a one-way street in violation of VTL §§ 1192(3) and 1127(a), respectively.  (Dkt. No. 3-2, at 2–3).  At the plea hearing, both the District Attorney and Judge Bogan indicated that it was their understanding that, under VTL §§ 1193 and 1198, imposition of an IID was mandated by statute.  (*Id.* at 83–91).  Before sentencing, Plaintiff filed a "Motion to Not Impose the Ignition Interlock Device Requirement" supported by a letter from a doctor stating that Plaintiff has "congenital anomalies/malformations that . . . limit her ability to perform breathing tests, such as [a] breathalyzer competently and reliably."  (*Id.* at 5–29).  Despite Plaintiff's objections, Judge Bogan imposed a sentence requiring, *inter alia*, that Plaintiff install an IID on any vehicle she owned or operated for a period of one year beginning on November 15, 2016.  (*Id.*).

---

[2] The allegations in the Complaint are assumed to be true for the purposes of this decision.  *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

On November 22, 2016, Plaintiff filed a "Motion to Stay Sentence," in which she alleged that the "People and trial court's actions in the matter demonstrate [that] the People refused to exercise their discretion in refusing to consider an alternative to the imposition of the IID, and the court likewise refused to exercise its discretion in imposing the IID as part of [her] sentence." (Dkt. No. 3-2, at 37–38). Plaintiff argued that imposition of the IID "without regard to its impact on a driver with a breathing disability" would violate Title II of the ADA, "the rights, privileges, and immunities guaranteed [to her] under the U.S. Constitution and under section 1983 of the Civil Rights Act; the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution; and the Equal Protection Clause . . . of the New York State Constitution." (*Id*. at 38). As a result, Plaintiff sought a stay of the IID requirement of her sentence and requested that the Court instead impose a punishment "commensurate with the offense of which she [had] been convicted and the intent of the sentencing statute." (*Id.* at 39). On November 23, 2016, Onondaga County Court Judge Thomas Miller denied Plaintiff's motion for a stay of her sentence. (*Id.* at 50). On March 22, 2017, Plaintiff appealed her sentence with respect to the IID requirement to the Onondaga County Court. (*Id.* at 10). On July 27, 2017, Judge Miller affirmed the sentenced as imposed by the Syracuse City Court, (Dkt. No. 18-1, at 6). Plaintiff has taken no further appeal of her state court action. (Dkt. No. 17, at 1).

Plaintiff filed the instant Complaint and motion for a preliminary injunction on June 26, 2017, alleging that the "trial court erred" in imposing the IID requirement without modification and seeking the "same relief" as she pursued in her appeal to the Onondaga County Court. (Dkt. No. 3-1, at 10). Plaintiff further states that "[i]n the instant appeal, Ms. Batchelor seeks only declaratory and injunctive relief" and "asks the case be remanded to the state trial court for provision of an appropriate reasonable modification." (*Id.* at 25). Plaintiff requests that this

Court (i) declare "that the installation of an ignition interlock device absent a reasonable modification to the IID violates" her constitutional rights; (ii) declare "that the lack of a health exemption or a reasonable modification to the IID as applied to Ms. Batchelor . . . violates" her constitutional rights; (iii) enter "an Order invalidating VTL §§ 1193 and 1198, as applied to Ms. Batchelor;" and (iv) award damages, attorneys' fees, and costs. (Dkt. No. 1, at 12–13). In her letter brief addressing whether the *Rooker-Feldman* doctrine requires dismissal of this action, Plaintiff argues that her claims are not barred because she is "not challenging the state court's judgment, but rather the application of a facially neutral law." (Dkt. No. 17, at 3). Defendant contends that although Plaintiff claims that she is merely requesting that the Court review the legality of state statutes, "Plaintiff is really challenging the imposition of these requirements as against her as a result of the state court's judgment." (Dkt. No. 18, at 3). Accordingly, Defendant argues, the Complaint should be dismissed for lack of subject matter jurisdiction. (*Id.* at 4).

## III.    DISCUSSION

### A.    The *Rooker-Feldman* Doctrine

Although the parties did not initially raise the issue, the Court must first determine whether it has subject matter jurisdiction over the claims in this action. "A challenge to a federal court's subject matter jurisdiction under the *Rooker-Feldman* doctrine 'may be raised at any time by either party or *sua sponte* by the court.'" *Doctor's Assocs. v. Distajo*, 107 F.3d 126, 137 (2d Cir. 1997). Without subject matter jurisdiction, "the court has no power to pass on the merits of plaintiffs' claims." *Laselva v. Schmidt*, No. 08-cv-112, 2009 U.S. Dist. LEXIS 39770, at *6, 2009 WL 1312559, at *2 (N.D.N.Y. May 7, 2009). Accordingly, regardless of whether the parties raise the issue, a court has a duty to determine whether hearing a case is jurisdictionally

proper. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105,

108–109 (2d Cir. 1997). "Then if subject matter is lacking, the action must be dismissed."

*Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 510 (D. Conn. 2015) (citing Fed.

R. Civ. P. 12(h)(3)).

      As a general matter, the *Rooker-Feldman* doctrine "provides that the lower federal courts

lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would

result in the reversal or modification of a state court judgment." *Bracci v. Becker*, No. 1:11-cv-

1473 (MAD/RFT), 2013 U.S. Dist. LEXIS 3224, at *53, 2013 WL 123810, at *16 (N.D.N.Y.

Jan. 9, 2013) (quoting *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998)). The

*Rooker-Feldman* doctrine holds that lower federal courts lack "subject matter jurisdiction 'over

cases that effectively seek review of judgments of state courts.'" *Phifer v. City of New York*, 289

F.3d 49, 55 (2d Cir. 2002) (quoting *Moccio v. N.Y. State Office of Court Admin.*, 95 F.3d 195,

198 (2d Cir. 1996)). District courts "do not have jurisdiction . . . over challenges to state-court

decisions in particular cases arising out of judicial proceedings even if those challenges allege

that the state court's action was unconstitutional," and "[r]eview of those decisions may be had

only" in the Supreme Court of the United States. *D.C. Court of Appeals v. Feldman*, 460 U.S.

462, 486 (1983); *cf.* 28 U.S.C. § 1257.[3]

      The Supreme Court has held that the *Rooker-Feldman* doctrine "is confined to . . . cases

brought by state-court losers complaining of injuries caused by state-court judgments rendered

---

[3] The Court notes that, alternatively, Plaintiff could have brought her claims challenging the constitutionality of her state court sentence through a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, after exhausting her claims in state court, but before the "custodial" terms of her sentence expired. *See, e.g.*, *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 708 (S.D.N.Y. 2011) (dismissing Plaintiff's claims and explaining that "[i]f Plaintiff wished to raise these issues and challenge her state court conviction in this Court, the proper procedural vehicle to do so was through a habeas petition"); *Book v. Tobin*, No. 04-CV-442, 2005 U.S. Dist. LEXIS 17275, at *12, 2005 WL 1981803, at *3 (D. Conn. Aug. 16, 2005) (noting that suit was barred by *Rooker-Feldman*, but explaining that the plaintiff's "claims could have been raised on direct appeal, or, during the period when [she] remained in custody, in a state or federal habeas petition").

6

before the district court proceeding commenced and inviting district court review and rejection

of those judgments." *Exxon Mobile Corp., v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284

(2005).  In *Hoblock v. Albany County Board of Elections*, the Second Circuit delineated the

holding of *Exxon Mobile* into "four requirements for the application of *Rooker-Feldman*.  First,

the federal-court plaintiff must have lost in state court.  Second, the plaintiff must complain[] of

injuries caused by [a] state-court judgment[.]  Third, the plaintiff must invite district court review

and rejection of [that] judgment[].  Fourth, the state-court judgment must have been rendered

before the district court proceeding commenced."  422 F.3d 77, 85 (2d Cir. 2005) (internal

quotation marks omitted).  In determining whether to apply the bar of *Rooker-Feldman*, courts in

the Second Circuit typically analyze the "substantive" requirements (second and third) before

proceeding through the "procedural" requirements (first and fourth).  *See id.*; *McKithen v.

Brown*, 481 F.3d 89, 97 (2d Cir. 2007).

### 1.    Substantive Requirements

As described above, Plaintiff's federal suit is "barred by *Rooker-Feldman* only if it

complains of injury from the state-court judgment and seeks review and rejection of that

judgment."  *Hoblock*, 422 F.3d at 86.  Whether the *Rooker-Feldman* bar applies generally hinges

on whether the injury of which Plaintiff complains was caused by the state judgment or some

other source—"that federal plaintiffs are not subject to the *Rooker-Feldman* bar unless they

*complain of an injury* caused by a state judgment . . . is the core requirement from which the

others derive; focusing on it helps clarify when the doctrine applies."  *Id.* at 87.

Plaintiff concedes that the injuries of which she complains result from the state-court

judgment, namely that the state court's sentence imposing the IID without modification

constituted impermissible discrimination on the basis of her disability.  (Dkt. No. 17, at 2; Dkt.

No. 1, at 5–12).  Even so, Plaintiff argues that she "is not challenging the state court's

judgment," but rather is "asking the district court to review the legality of a New York state

statute[] and its discriminatory impact on persons with disabilities during sentencing."  (Dkt. No.

17, at 2–3).  But if the challenged state statute injured Plaintiff by depriving her for her federal

statutory and constitutional rights, it was solely by operation of the state-court judgment that

applied the state statute.  Plaintiff fails to recognize that, if her injuries are caused by the state-

court judgment's application of a challenged state statute, then it follows that review and

rejection of that state-court judgment is necessary to remedy those injuries.  Indeed, the relief she

seeks would necessarily require this Court to review and reverse that state-court judgment to

provide her with the relief requested.  *See, e.g.*, Dkt. No. 1 at 12 ("Plaintiff . . . requests that this

Court enter a judgment . . . [d]eclaring that the installation of an ignition interlock device absent

a reasonable modification to the IID violates Ms. Batchelor's rights" and "enjoining defendant

State of New York from enforcing VTL § 1198's mandatory imposition of an IID"); *cf. D.C.*

*Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) ("[District Courts] do not have

jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial

proceedings even if those challenges allege that the state court's action was unconstitutional.")[4]

Plaintiff attempts to argue that she is challenging only the imposition of the IID—not the

state-court sentence itself.  "Can a federal plaintiff avoid *Rooker-Feldman* simply . . . by alleging

that actions taken pursuant to a court order violate his rights without ever challenging the court

order itself?  Surely not."  *Hoblock*, 422 F.3d at 88.  The state court ordered that Plaintiff must

---

[4] In her briefing of the *Rooker-Feldman* issue, Plaintiff states that she is seeking a declaration that the "IID [is] both facially unconstitutional and as applied to Ms. Batchelor."  (Dkt. No. 3-1, at 6).  The Complaint, however, seeks only a declaration that the statute is unconstitutional as to her circumstances, and Plaintiff makes no effort elsewhere to establish "that no set of circumstances exists under which the statute would be valid."  *United States v. Decastro*, 682 F.3d 160, 163 (2d Cir. 2012).  Accordingly, the Court interprets Plaintiff's challenge of the New York statutes at issue as an as-applied challenge only.

install an IID on any vehicle she owns or operates, and Plaintiff wants this Court to determine

that the state court cannot order Plaintiff to install an IID on any vehicle she owns or operates.

*Id.* at 87 (noting that, "even if what the voters seek in federal court is not 'review' in some sense,

the voters *do* seem to seek reversal: the state court ordered the Board not to count the voters'

ballots, and the voters want the federal court to order the Board to count the ballots").  This

Court, therefore, cannot determine that the state court's sentence imposing the IID is unlawful

without also reviewing and rejecting the judgment of the state court.

Thus, the only scenario where this Court would have jurisdiction despite the requirements

of *Rooker-Feldman* is one where Plaintiff had "some independent claim, [even] one that denies a

legal conclusion that a state court has reached in a case to which [she] was a party."  *Exxon*

*Mobile*, 544 U.S. at 293.  *Hoblock*, however, emphasizes that an "independent claim" is not

"[j]ust presenting in federal court a legal theory not raised in state court."  *Hoblock*, 422 F.3d at

86.  Rather, an independent claim is one that is entirely separate from any injury caused by a

state-court judgment.  For example, where a plaintiff loses after suing his or her "employer in

state court for violating both state anti-discrimination law and Title VII," and then brings the

same suit in federal court, that action will not be barred by *Rooker-Feldman* as the claim is

independent—the injury flows from the "employer's discrimination," not the state-court

judgment.  *Id.* at 87–88.  Conversely, where a "father sues in federal court for the return of his

son on grounds that the state judgment violates his federal substantive due-process rights as a

parent, he is complaining of an injury caused by the state judgment and seeking its reversal.  This

he may not do."  *Id.* at 87.  Plaintiff's case falls in the same category as the latter example, as she

complains of no pre-existing, independent injury.[5]  The only injuries she alleges flow from the state-court judgment, and from the state-court judgment alone.  As explained above, this Court cannot remedy those injuries without reviewing and rejecting the state-court judgment that allegedly caused those injuries.

Accordingly, the substantive requirements of *Rooker-Feldman* are satisfied.

### 2.    Procedural Requirements

The first and fourth "procedural" requirements of *Rooker-Feldman* are also plainly met under the facts of Plaintiff's case.  Plaintiff lost in state court when she was convicted on October 10, 2016 after pleading guilty to driving while intoxicated.  (Dkt. No. 1, ¶ 19).  Plaintiff also lost when Judge Bogan imposed the IID for a period of one year beginning on November 16, 2016. (*Id.* at ¶ 20).  There is also no question that these "state-court judgment[s were] rendered before the district court proceedings commenced" on June 26, 2017, *Hoblock*, 422 F.3d at 85.

Thus, all of the requirements of the *Rooker-Feldman* doctrine are met with respect to Plaintiff's request that this Court determine that her state-court sentence was imposed in violation of her constitutional and statutory rights and enjoin Defendants from enforcing her sentence, and accordingly, the Court lacks jurisdiction over these claims.

## IV.    CONCLUSION

For these reasons, it is

---

[5] The fact that Plaintiff seeks monetary damages does not change this analysis—any damages Plaintiff claims to have suffered flow directly from the state court's judgment rather than, for instance, some independent fraudulent activity undertaken to bring about that judgment.  *Compare Lawson v. City of Buffalo*, 52 F. App'x 562, 563 (2d Cir. 2002) ("The district court correctly dismissed the plaintiffs' remaining claims for monetary damages under the *Rooker-Feldman* doctrine, as they seek damages in conjunction with the orders of demolition entered against them in state court."), *with Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) ("Vossbrinck's pro se complaint can be liberally construed as asserting fraud claims that are not barred by *Rooker-Feldman*—because they seek damages from Defendants for injuries Vossbrinck suffered from their alleged fraud, the adjudication of which does not require the federal court to sit in review of the state court judgment . . . .").

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 3) is **DENIED** as moot; and it is further

**ORDERED** that Defendant's cross-motion to dismiss (Dkt. No. 10) is **DENIED** as moot; and it is further

**ORDERED** that the Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

November 28, 2017
Syracuse, New York

Brenda K. Sannes
U.S. District Judge